# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN KEITH BECK, | ) | |
|                          Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-103-HE |
| | ) | |
| JOHN DOE 1, WARDEN OKLAHOMA CITY; JOHN DOE 2, HEALTH ADMINISTRATOR, OKLAHOMA CITY; DR. A. UPCHURCH, DDS.; and HARLY G. LAPPIN, DIRECTOR OF BOP, | ) | |
| | ) | |
|                         Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, originally filed this action in the United States District Court for the District of Oregon. The action was transferred to this venue pursuant to 28 U.S.C. § 1406(a) (providing that in the interests of justice, a federal court may transfer a case filed in an improper district).[1] This action has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

In Plaintiff's Amended Complaint [Doc. # 4] brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff alleges that in January 2006, his constitutional rights were violated in the course of receiving dental care while he was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma (FTC).

---

[1] After the action was transferred to this Court, Plaintiff was released from incarceration and notified the Court of his change of address. As directed by the Court, Plaintiff filed a supplemental motion to proceed *in forma pauperis*. Upon review of the supplemental motion, the Court entered an order permitting Plaintiff to continue proceeding *in forma pauperis*.

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment [Doc. #19]. Plaintiff seeks entry of default judgment by the Court Clerk pursuant to Fed.R.Civ.P. 55(a) against Defendant Upchurch, identified by Plaintiff as an "institutional dentist" at FTC and against Defendant Lappin, identified as the Director of the Bureau of Prisons (BOP). Because Plaintiff has not perfected service on any defendant, it is recommended that Plaintiff's Motion for Entry of Default Judgment be denied. It is further recommended that Plaintiff be given an extension of time in which to effect proper service on Defendant Upchurch.

Additionally, this Court has conducted an initial review of the Amended Complaint as required by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the claims against Defendant John Doe 1, Defendant John Doe 2, and Defendant Harly G. Lappin be dismissed for failure to state a claim upon which relief may be granted.

## I.     **Background and Claims Presented**

Plaintiff states that Defendant Upchurch pulled one of his front teeth instead of repairing the fractured crown she had removed from the tooth. Plaintiff claims that Defendant Upchurch misled him into thinking that removal of the tooth was the only option. He further complains that Defendant Upchurch filled a tooth he did not want filled. Finally, Plaintiff complains that he did not received a replacement for the missing tooth. According to Plaintiff, the actions of Defendant Upchurch violated his due process rights "under the [Fifth] and Fourteenth Amendments." He further contends that the actions of Defendant

Upchurch constitute deliberate indifference to his medical needs in violation of the Eighth Amendment. *See* Complaint at 5.

## II.     **Plaintiff's Motion for Default Judgment**

Plaintiff's Motion for Default Judgment against Defendants Upchurch and Lappin[2] is premised on his contention that these defendants have been served but have not filed responsive pleadings. A review of the record in this case, however, demonstrates that neither of these defendants has been properly served.

In a suit brought against officers or employees of the United States in their individual capacities, Rule 4(i) requires the plaintiff to serve both the officers or employees and the United States. Service on the individual must be accomplished "in the manner prescribed by Rule 4(e), (f), or (g)." Fed.R.Civ.P. 4(i)(2)(B). Rule 4(i)(1) sets forth the additional requirements for service upon the United States:

> Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

---

[2] As discussed in further detail below, the claims against Defendant Lappin should be dismissed because he has not personally participated in the actions that led to the challenged conditions of confinement. Because Plaintiff has failed to state a claim upon which relief may be granted as to Defendant Lappin, it would be futile to allow Plaintiff additional time to serve Defendant Lappin.

> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed.R.Civ.P. 4(i)(1)(A)-(C).

In this case, Plaintiff's Praecipe for Summons [Doc. #14] requested summons be issued for Defendants Upchurch and Lappin only. A summons and a copy of the Complaint were delivered to each, and an executed summons for each was returned. *See* Doc. ##17, 18. Plaintiff has not, however, delivered or attempted to deliver copies of the summons and complaint to the United States. To perfect service on the individual Defendants, Plaintiff is required to comply with the rules governing service under Fed.R.Civ.P. 4(i). Because Plaintiff has not complied with the requirements of Rule 4(i), Defendants Upchurch and Lappin have not been properly served, and Plaintiff is not entitled to default judgment. It is therefore recommended that Plaintiff's Motion for Default Judgment be denied. Because of Plaintiff's *pro se* status and the complex requirements of multiple service under Rule 4(i), however, it is further recommended that Plaintiff be granted an extension of time in which to perfect service against Defendant Upchurch, conforming his praecipe for service with the requirements of Rule 4(i). *See* Fed.R.Civ.P. 4(m) (if service is not made within 120 days of the filing of the complaint, court may direct that service be effected within a specified time). *See also Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995) (complex nature of the requirements of Fed.R.Civ.P. 4(i), particularly when the plaintiff is proceeding *pro se*, should

be a factor for the district court's consideration when it determines whether a permissive extension of time should be granted under Rule 4(m)).

## II.     Initial Screening

### A.     Standard for Initial Screening

Notwithstanding any filing fee or any portion thereof that may have been paid, it is the responsibility of this Court to dismiss a claim brought *in forma pauperis* at any time if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant entitled to immunity from suit. 28 U.S.C. § 1915(e)(2)(B).

"'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Kay v. Bemis*, ___ F.3d ___, 2007 WL 2694053, at *2 (10th Cir. Sep. 11, 2007) (to be published) (*quoting Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted)). "'In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.'" *Id.* (*quoting Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

The standard for dismissals under § 1915(e)(2)(B)(ii) is the same standard that is applied to motions to dismiss for failure to state a claim brought under Fed.R.Civ.P. 12(b)(6). *Id.* (*citing Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (holding the standard of review for Rule 12(b)(6) and § 1915(e)(2)(B)(ii) dismissals are the same)). The Tenth

Circuit recently discussed the standard of review for Rule 12(b)(6) motions in light of the Supreme Court's 2007 decisions in *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___,127 S.Ct. 1955, 1970 (2007), and *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007):

> Although the Supreme Court was not clear on the articulation of the proper standard for a Rule 12(b)(6) dismissal, its opinion in *Bell Atlantic* and its subsequent opinion in *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007), suggest that courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.

*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). In *Kay v. Bemis*, the Tenth Circuit applied this standard to determine whether claims were properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted:

> Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S.Ct. 1955, 1965 (2007).

*Kay v. Bemis*, 2007 WL 2694053, at *2.

As always, this Court must construe a *pro se* litigant's complaint liberally. *See id.* at *2. Nevertheless, the liberal treatment of *pro se* complaints is not without limits, and the Tenth Circuit "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Id.* (*quoting Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)) (internal quotation omitted).

### B.     Claims against Defendants Doe 1, Doe 2, and Lappin

Application of the standards outlined above to the facts alleged in Plaintiff's Complaint demonstrates that Plaintiff has failed to state a claim upon which relief may be

granted as to Defendants Doe 1, (Warden) Doe 2 (Health Administrator) and Lappin (Director of the BOP). The alleged constitutional violations in Plaintiff's Complaint stem from the dental care Plaintiff received on a specific occasion. Plaintiff has not alleged personal participation in the alleged constitutional violations as to any defendant other than the dentist who provided the dental care, nor does he challenge any BOP or prison policy. Therefore, this Court could do no more than speculate about the possibility that the Warden, the Health Administrator or the Director of the BOP might somehow be liable for the dental care Plaintiff challenges as unconstitutional. Moreover, dismissal of all claims against defendants other than the dentist is warranted because respondeat superior does not apply, and *Bivens* liability can only lie when a defendant has personally participated in the challenged actions or conditions of confinement. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992) (*citing Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976) (holding in a Bivens action that "before a supervisor may be held for acts of an inferior, the superior . . . must have participated or acquiesced in the constitutional deprivations")). *See also Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (supervisor liability requires an "affirmative link [between the supervisor and the subordinate] showing [the supervisor's] authorization or approval of such misconduct"). It is therefore recommended that all claims against Defendants Doe 1, Doe 2, and Lappin be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**RECOMMENDATION**

It is recommended that Plaintiff's Motion for Default Judgment [Doc. #19] be denied and that Plaintiff be granted an extension of time in which to effect service on Defendant Upchurch.

It is further recommended that claims against Defendants Doe 1, Doe 2, and Lappin be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by November __6th__, 2007. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __17th__ day of October, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE